**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**BROWN CLARK LE & CEVALLOS, LLP**
Edwin B. Brown [SBN 89447]
22342 Avenida Empresa, Suite 125
Rancho Santa Margarita, CA 92688
Phone: (949) 459-5900
Fax: (949) 713-7722
Email: edbrownlaw@gmail.com

*Attorneys for Plaintiff, DANNY MOLINA LIRA*

**DISTRICT COURT OF THE UNITED STATES**

**CENTRAL DISTRICT OF CALIFORNIA**

DANNY MOLINA LIRA, an Individual,

Plaintiff,

vs.

CITY OF FONTANA, a California Municipality, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOES 6-10,

Defendants.

Case No.: 5:26-cv-01632-JGB

Assigned to Hon.: Jesus G. Bernal

**SECOND AMENDED COMPLAINT**

1. Unreasonable Search and Seizure—Excessive Force – (42 U.S.C. § 1983);
2. Due Process – Denial of Medical Care (42 U.S.C. § 1983);
3. Unlawful/False Arrest (42 U.S.C. § 1983);
4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983);
5. Municipal Liability – Ratification (42 U.S.C. § 1983);

**DEMAND FOR JURY TRIAL**

Plaintiff Danny Molina Lira ("Plaintiff"), for his Complaint against Defendants City of Fontana ("City"), Mark Aranda, Dominique Aneset, Aaron Alcala, Brandon McCaulle, Jon Vantuinen, and DOES 6-10, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the parties reside in San Bernardino County and all incidents, events, and occurrences giving rise to this action occurred in San Bernardino County.

**INTRODUCTION**

3. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights of Plaintiff under the United States Constitution in connection with the battery of Plaintiff on April 1, 2025, by members of the Fontana Police Department.

**PARTIES**

4. At all relevant times, Plaintiff was an individual residing in the City of Rialto.

5. At all relevant times, Defendant City is and was a municipal corporation existing under the laws of the State of California. The City is a chartered subdivision of the State of

California with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City Police Department and its agents and employees.

6. At all relevant times, Defendant City was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the City Police Department and its employees and agents complied with the laws of the United States and of the State of California.

7. At all relevant times, Defendant City was the employer of Defendants Mark Aranda, Dominique Anesetti, Aaron Alcala, Brandon McCaulley, Jon Vantuinen, and DOES 6-10.

8. Defendant MARK ARANDA is a police officer working for the City of Fontana Police Department. At all relevant times MARK ARANDA was a sergeant working for the City of Fontana Police Department. At all relevant times, MARK ARANDA was acting under color of law within the course and scope of his duties as a police officer for the City of Fontana. MARK ARANDA was acting with the complete authority and ratification of his principal, Defendant City.

9. Defendant DOMINIQUE ANESETTI is a police officer working for the City of Fontana Police Department. At all relevant times, DOMINIQUE ANESETTI was acting under color of law within the course and scope of her duties as a police officer for the City of Fontana. DOMINIQUE ANESETTI was acting with the complete authority and ratification of her principal, Defendant City.

10. Defendant AARON ALCALA is a police officer working for the City of Fontana Police Department. At all relevant times, AARON ALCALA was acting under color of law

within the course and scope of his duties as a police officer for the City of Fontana. AARON ALCALA was acting with the complete authority and ratification of his principal, Defendant City.

11. Defendant BRANDON MCCAULLEY is a police officer working for the City of Fontana Police Department. At all relevant times, BRANDON MCCAULLEY was acting under color of law within the course and scope of his duties as a police officer for the City of Fontana. BRANDON MCCAULLEY was acting with the complete authority and ratification of his principal, Defendant City.

12. Defendant JON VANTUINEN is a police officer working for the City of Fontana Police Department. At all relevant times JON VANTUINEN was a sergeant working for the City of Fontana Police Department. At all relevant times, JON VANTUINEN was acting under color of law within the course and scope of his duties as a police officer for the City of Fontana. JON VANTUINEN was acting with the complete authority and ratification of his principal, Defendant City.

13. Defendant DOES 6-8 ("DOE Officers") are police officers working for the City of Fontana Police Department. At all relevant times, DOE Officers were acting under color of law within the course and scope of their duties as police officers for the City of Fontana Police Department. DOE Officers were acting with the complete authority and ratification of their principal, Defendant City.

14. Defendant DOES 9-10 ("DOE Supervisors") are supervisorial, managerial and policymaking employees of the City of Fontana and its Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the City Police Department. DOE Supervisors were acting with the

complete authority and ratification of their principal, Defendant City. On information and belief, DOE Supervisors were residents of the City of Fontana, County of San Bernardino.

15. In doing the acts and failing and omitting to act as hereinafter described, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers were acting on the implied and actual permission and consent of Defendant DOES 9-10.

16. In doing the acts and failing and omitting to act as hereinafter described, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers were acting on the implied and actual permission and consent of the City.

17. The true names and capacities, whether individual, corporate, association, or otherwise of Defendant DOES 6-10, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

18. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

19. All the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose and

scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all the acts complained of herein.

21. MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOEs6-10 are sued in their individual capacity.

22. On or around September 29, 2025, Plaintiff filed a comprehensive and timely claim for damages with the City of Fontana pursuant to applicable sections of the California Government Code.

23. On October 2, 2025, the City rejected Plaintiff's claim. A copy of Plaintiff's Right to Sue Letter is attached as **Exhibit A.**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

24. On April 1, 2025, at approximately 1:30 P.M., at Plaintiff's home located at 1750 W. Townsend Street, in the City of Rialto, California, Defendants Mark Aranda, Dominique Anesetti, Aaron Alcala, Brandon McCaulley, Jon Vantuinen, and DOE Officers (driving unmarked vehicles and dressed in plain clothes) accosted Plaintiff and his minor daughter on his driveway. Aaron Alcala and Brandon McCalley then proceeded to chase Plaintiff's child, including while Brandon McCalley carried anAR15-like weapon. Mark Aranda, Dominique Anesetti, and Jon Vantuinen violently beat Plaintiff including slamming him into his garage door and taking him down as he questioned their actions, causing Plaintiff severe injuries, including but not limited to a concussion and a broken elbow. Defendants then falsely arrested Plaintiff for allegedly violating Cal. Penal Code § 148(a)(1).

25. At no time, and specifically at the time of the battery and other uses of force against Plaintiff, did Plaintiff pose an immediate threat of death or bodily injury to the Officers or to anyone else.

26. After the beating that caused Plaintiff multiple injuries, including but not limited to a concussion and broken elbow, Defendants did not summon medical care for Plaintiff even though he was in obvious and critical need of emergency medical care and treatment. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers did not timely summon medical care or permit medical personnel to treat Plaintiff. The delay of medical care caused Plaintiff extreme physical and emotional pain and suffering.

27. Thereafter, Plaintiff was arrested and booked for allegedly violating California Penal Code Section 148(a)(1). The related criminal proceedings are ongoing.

**FIRST CLAIM FOR RELIEF**
**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**
**(Against Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers)**

28. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 27 of his Complaint with the same force and effect, as if fully set forth here.

29. On April 1, 2025, at approximately 1:30 p.m., Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers approached Plaintiff on the driveway of Plaintiff's home located in Rialto, California. Defendants MARK ARANDA, DOMINIQUE ANESETTI, and JON VANTUINEN then proceeded to assault and batter Plaintiff.

30. Defendants' beating of Plaintiff was without justification. Plaintiff did not make any threatening moves or make any threatening statements to the Officers. Plaintiff did not try to flee the Officers. Defendants' unjustified use of force against Plaintiff deprived him of his right to be secure in his person against unreasonable searches and seizures, as guaranteed to him under

the Fourth Amendment of the United States Constitution and as applied to state actors by the Fourteenth Amendment.

31. Defendants' use of force was excessive and unreasonable, particularly because Plaintiff posed no immediate threat to the Officers. At all relevant times, Plaintiff was unarmed.

32. Defendants' use of force violated the Defendant Officers' own training and standard police officer training.

33. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

34. MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers are directly liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force and because they failed to intervene to prevent the use of excessive force.

35. The conduct of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and, therefore, warrants the imposition of exemplary and punitive damages as to Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

**(Against Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers)**

36. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 35 of the Complaint with the same force and effect, as if fully set forth here.

37. After being beaten by Defendants, including being slammed into his garage and taken down onto the ground, Plaintiff was immobile and in obvious and critical need of emergency medical care and treatment. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers did not timely summon medical care or permit medical personnel to treat Plaintiff. The delay of medical care to Plaintiff caused Plaintiff extreme physical and emotional pain and suffering.

38. The denial of medical care by Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, as well deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and as applied to state actors by the Fourteenth Amendment.

39. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

40. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but they disregarded that serious medical need, causing Plaintiff great bodily harm.

41. The conduct of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to MARK ARANDA,

DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers.

42. As a result of their misconduct, Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, are liable for Plaintiff's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

**THIRD CLAIM FOR RELIEF**
**Unreasonable Search and Seizure - False Arrest (42 U.S.C. § 1983)**
**(Against Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers)**

43. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 42 of the Complaint with the same force and effect, as if fully set forth here.

44. To Plaintiff's continuing harm, after being accosted and beaten by Defendants, Plaintiff was summarily arrested and taken into custody, transported to and booked into The City of Fontana jail facility.

45. Plaintiff was ultimately told that he had been arrested for violating California Penal Code Section 148(a)(1) and is currently undergoing prosecution for this section.

46. At no time did Plaintiff resist, delay, or obstruct Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers in the performance of their duties. In fact, the entire duration of the interaction between Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers and Plaintiff prior to Plaintiff's beating and arrest lasted only a few seconds.

47. The false arrest and incarceration of Plaintiff deprived him of his right to be

secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and as applied to state actors by the Fourteenth Amendment.

48. The conduct of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers.

49. As a result of their misconduct, Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, are liable for Plaintiff's injuries, either because they were integral participants in the false arrest of Plaintiff or because they failed to intervene to prevent these violations.

50. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

**FOURTH CLAIM FOR RELIEF**
**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**
**(Against Defendants City and DOES 9-10)**

51. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 50 of his Complaint with the same force and effect, as if fully set forth here.

52. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers acted under color of law.

53. The acts of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, including the

assault and battery of Plaintiff and the denial of prompt and necessary medical care, deprived Plaintiff of his rights under the United States Constitution.

54. The training policies of Defendant City's police department were not adequate to train its police officers with regard to wearing identifying uniforms or insignia, verbally identifying themselves, deploying assault rifles, conducting law enforcement operations outside of their normal jurisdiction, using force against unarmed civilians, and rendering aid. As a result, City police officers are not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals and their children. These inadequate training policies existed prior to the date of this incident and continue to this day.

55. The unjustified excessive use of force, detention and arrest, and denial of medical care against Plaintiff by MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers was a result of the negligent training by Defendant CITY who failed to train Fontana Police Department ("FPD") officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, as to proper police tactics, proper use of force, and proper detentions and arrests, including timely providing and summoning medical care. Defendant CITY was responsible for the training of FPD officers to ensure the actions, procedures, and practices of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers complied with Peace Officer Standards and Training ("POST") training standards regarding proper police tactics, and proper use of force.

56. Defendant CITY negligently failed to train CITY police officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON

VANTUINEN, and DOE Officers, to comply with POST training standards regarding proper police tactics and proper use of force. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers have contact with.

57. The training polices of Defendant CITY were deficient in the following:

a. Defendant CITY failed to adequately train Fontana Police Department officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, in de-escalating interactions with the public. Instead of de-escalation, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers escalated their interaction with Plaintiff.

b. Defendant CITY failed to properly train CITY police officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, in proper police tactics, including effective communication, to prevent the use of negligent tactics, which is what MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers did in this case. Because of this lack of proper training by Defendant CITY, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON

MCCAULLEY, JON VANTUINEN, and DOE Officers did not use proper police tactics in handling their contact and interaction with Plaintiff, and MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers used defective police tactics. These training failures by Defendant CITY resulted in injury to Plaintiff.

c. Defendant CITY failed to properly train police officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, on the importance of effective communication between officers prior to executing a search warrant.

d. Because of the lack of proper training by CITY, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers did not use effective communication prior to and during the detention and arrest and use of force against Plaintiff. This ineffective communication by MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers caused injury to Plaintiff.

58. The failure of Defendant CITY to provide proper training to its police officers resulted in the deprivation of Plaintiff's rights by MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers. Defendant CITY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injuries to plaintiff.

59. The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the

underlying acts that caused Plaintiff's injuries, which indicates that Defendant CITY failed to adequately train its officers, particularly with respect to detentions and arrests and the use of force:

a. In *M.S., et al. v. City of Fontana, et al.*, case number 5:16-cv-02498-JGB-DTB, Plaintiffs alleged the involved Fontana Police department officers used excessive force when they shot and killed Decedent, who was unarmed and was not an immediate threat to the officers or any other person.

b. In *Marlo Rayo, et al. v. City of Fontana, et al.*, case number 5:19-cv-01264-JGB-SHK, Plaintiffs alleged the involved Fontana Police Department officers wrongfully detained and arrested a homeowner and his family members and used excessive force against them, including slamming, beating, and deploying batons and Tasers against Plaintiffs, even though Plaintiffs did not resist the involved officers.

c. In *Ralph Robert Lopez v. City of Fontana, et al.*, case number 5:19-cv-01727-JGB-SP, Plaintiff alleged the involved Fontana Police Department officers struck him with an unmarked vehicle while he was attempting to back out of a parking spot. Plaintiff further alleged that City of Fontana officers in civilian clothing struck him in the head several times and shot him, even though Plaintiff never resisted the officers and kept his hands in the air at all times.

d. In *Devon King v. City of Fontana, et al.*, case number 5:20-cv-1071, Plaintiff alleged the involved Fontana Police Department officers used excessive force when they shot Plaintiff, who was unarmed and posed no immediate threat to officers.

e. In *Isabel Valdez, et al. v. City of Fontana, et al.*, case number EDCV 24-02631-KK-SPx, a Judge in the Central District of California approved a Minors Compromise and Settlement of $3,246,500, where Plaintiffs alleged the involved officers shot and killed Jamie Valdez when he was not an immediate threat to the officers.

60. The training policies of the CITY were not adequate to train its police officers to handle the usual and recurring situations they must deal with.

61. The Defendant City's police department was deliberately indifferent to the known or obvious consequences of its failure to adequately train its police officers. This inadequate training includes failing to teach officers to properly identify themselves when engaging with frightened, unarmed community members and the proper deployment of assault rifles, prior to using force.

62. Defendant City was aware that failure to implement some sort of training with regard to their officers' extra-jurisdictional deployment to a neighboring city, while wearing plainclothes and carrying assault rifles when encountering unarmed civilians, including children, would result in continuing to have numerous unreasonable and dangerous encounters with unarmed individuals annually.

63. By failing to provide adequate training to Defendant City's police officers, Defendants acted with an intentional, reckless, and callous disregard for the life of PLAINTIFF and Plaintiffs' constitutional rights. Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64. The failure of Defendant City to provide adequate training caused the

deprivation of Plaintiff's rights by Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be a moving force that caused the ultimate injuries.

65. By reason of the aforementioned acts and omissions, Plaintiff suffered significant emotional distress and pain and suffering.

66. Accordingly, Defendants City and DOES 9-10 are each liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

**FIFTH CLAIM FOR RELIEF**
**Municipal Liability – Ratification (42 U.S.C. § 1983)**
**(Against Defendants City and DOES 9-10)**

67. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 66 of his Complaint with the same force and effect, as if fully set forth here.

68. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers acted under color of law.

69. The acts of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, as set forth above, including assaulting and battering Plaintiff, then denying Plaintiff prompt and necessary medical care, deprived Plaintiff of his particular rights under the United States Constitution.

70. Any reasonable policymaker would recognize that sending plain clothes officers with AR-15 style weapons into residential neighborhoods outside of Fontana jurisdiction without clear protocols for identification and de-escalation creates a highly predictable risk of confrontation, confusion, and excessive force producing such an obvious risk of constitutional

violations that FPD policymakers can reasonably be said to have been deliberately indifferent to the need for training on these issues.

71. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, ratified (or will ratify) MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff and denial of medical care.

72. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers were "within policy."

73. On information and belief, Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's beating.

74. By reason of the aforementioned acts and omissions, Plaintiff has suffered extreme emotional distress and pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Danny Molina Lira requests entry of judgment in his favor and against Defendants City of Fontana MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, inclusive, as follows:

1. For compensatory damages, under federal and state law, in an amount to be proven at trial;

2. For general damages, including damages for emotional distress and pain and suffering, in an amount to be proven at trial;

3. For punitive damages;

4. For interest;

5. For reasonable attorneys' fees;

6. For costs of suit; and

7. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: September 25, 2026. LAW OFFICES OF DALE K. GALIPO

By:________________________________
Dale K. Galipo
Attorneys for Plaintiff Danny Molina Lira

**DEMAND FOR JURY TRIAL**

Plaintiff Danny Molina Lira hereby demands that his claims presented in this Complaint be heard by a jury of his peers.

Dated: September 25, 2026.

LAW OFFICES OF DALE K. GALIPO

By:________________________________
Dale K. Galipo
Attorneys for Plaintiff Danny Molina Lira