Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**BROWN CLARK LE & CEVALLOS, LLP**
Edwin B. Brown [SBN 89447]
22342 Avenida Empresa, Suite 125
Rancho Santa Margarita, CA 92688
Phone: (949) 459-5900
Fax: (949) 713-7722
Email: edbrownlaw@gmail.com

*Attorneys for Plaintiff, DANNY MOLINA LIRA*

**DISTRICT COURT OF THE UNITED STATES**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY MOLINA LIRA, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FONTANA, a California Municipality, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOES 16-2010,<br><br>Defendants. | Case No.: 5:26-cv-01632-JGB<br><br>Assigned to Hon.: Jesus G. Bernal<br><br>**FIRST SECOND AMENDED COMPLAINT**<br><br>1. Unreasonable Search and Seizure—Excessive Force – (42 U.S.C. § 1983);<br>2. Due Process – Denial of Medical Care (42 U.S.C. § 1983);<br>3. Unlawful/False Arrest (42 U.S.C. § 1983);<br>4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983);<br>5. Municipal Liability – Ratification (42 U.S.C. § 1983);<br>6. Battery;<br>7. Negligence ;<br>8. Violation of Cal. Civil Code § 52.1.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Danny Molina Lira ("Plaintiff"), for his Complaint against Defendants City of Fontana ("City"), Mark Aranda, Dominique Aneset, Aaron Alcala, Brandon McCaulle, Jon Vantuinen, and DOES 1-206-10, alleges as follows:

///

///

## JURISDICTION AND VENUE

Formatted: Underline

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

~~2. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.~~

~~3~~2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the parties reside in San Bernardino County and all incidents, events, and occurrences giving rise to this action occurred in San Bernardino County.

## INTRODUCTION

Formatted: Underline

~~4~~3. This civil rights ~~and state tort~~ action seeks compensatory and punitive damages from Defendants for violating various rights of Plaintiff under the United States Constitution ~~and state law~~ in connection with the battery of Plaintiff on April 1, 2025, by members of the Fontana Police Department.

**PARTIES**

Formatted: Underline

54. At all relevant times, Plaintiff was an individual residing in the City of Rialto.

65. At all relevant times, Defendant City is and was a municipal corporation existing under the laws of the State of California. The City is a chartered subdivision of the State of California with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City Police Department and its agents and employees.

76. At all relevant times, Defendant City was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the City Police Department and its employees and agents complied with the laws of the United States and of the State of California.

87. At all relevant times, Defendant City was the employer of Defendants Mark Aranda, Dominique Anesetti, Aaron Alcala, Brandon McCaulley, Jon Vantuinen, and DOES 6-10DOES 1-20.

8. Defendant MARK ARANDA is a police officer working for the City of Fontana Police Department. At all relevant times MARK ARANDA was a sergeant working for the City of Fontana Police Department. At all relevant times, MARK ARANDA was acting under color of law within the course and scope of his duties as a police officer for the City of Fontana. MARK ARANDA was acting with the complete authority and ratification of his principal, Defendant City.

9. Defendant DOMINIQUE ANESETTI is a police officer working for the City of Fontana Police Department. At all relevant times, DOMINIQUE ANESETTI was acting under

color of law within the course and scope of her duties as a police officer for the City of Fontana. DOMINIQUE ANESETTI was acting with the complete authority and ratification of her principal, Defendant City.

10. Defendant AARON ALCALA is a police officer working for the City of Fontana Police Department. At all relevant times, AARON ALCALA was acting under color of law within the course and scope of his duties as a police officer for the City of Fontana. AARON ALCALA was acting with the complete authority and ratification of his principal, Defendant City.

11. Defendant BRANDON MCCAULLEY is a police officer working for the City of Fontana Police Department. At all relevant times, BRANDON MCCAULLEY was acting under color of law within the course and scope of his duties as a police officer for the City of Fontana. BRANDON MCCAULLEY was acting with the complete authority and ratification of his principal, Defendant City.

12. Defendant JON VANTUINEN is a police officer working for the City of Fontana Police Department. At all relevant times JON VANTUINEN was a sergeant working for the City of Fontana Police Department. At all relevant times, JON VANTUINEN was acting under color of law within the course and scope of his duties as a police officer for the City of Fontana. JON VANTUINEN was acting with the complete authority and ratification of his principal, Defendant City.

13. Defendant DOES ~~1~~6-~~10~~ 8 ("DOE Officers") are police officers working for the City of Fontana Police Department. At all relevant times, DOE Officers were acting under color of law within the course and scope of their duties as police officers for the City of Fontana Police

Department. DOE Officers were acting with the complete authority and ratification of their principal, Defendant City.

914. Defendant DOES 11-209-10 ("DOE Supervisors") are supervisorial, managerial and policymaking employees of the City of Fontana and its Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the City Police Department. DOES 11-20DOE Supervisors were acting with the complete authority and ratification of their principal, Defendant City. On information and belief, DOES 1-20DOE Supervisors were residents of the City of Fontana, County of San Bernardino.

1015. In doing the acts and failing and omitting to act as hereinafter described, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOE Officers were acting on the implied and actual permission and consent of Defendant DOES 11-209-10.

1116. In doing the acts and failing and omitting to act as hereinafter described, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOE Officers were acting on the implied and actual permission and consent of the City.

1217. The true names and capacities, whether individual, corporate, association, or otherwise of Defendant DOES 16-2010, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

~~13~~18. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

~~14~~19. All the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all the acts complained of herein.

~~15~~21. MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOEs~~DOES 16~~-~~20~~ 10 are sued in their individual capacity.

~~16~~22. On or around September 29, 2025, Plaintiff filed a comprehensive and timely claim for damages with the City of Fontana pursuant to applicable sections of the California Government Code.

~~17~~23. On October 2, 2025, the City rejected Plaintiff's claim. A copy of Plaintiff's Right to Sue Letter is attached as **Exhibit A.**

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

Formatted: Underline

~~18~~24. On April 1, 2025, at approximately 1:30 P.M., at Plaintiff's home located at 1750 W. Townsend Street, in the City of Rialto, California, Defendants Mark Aranda, Dominique Anesetti, Aaron Alcala, Brandon McCaulley, Jon Vantuinen, and DOE Officers ~~DOES 1-10~~ (driving unmarked vehicles and dressed in plain clothes) accosted Plaintiff and his minor daughter on his driveway. ~~They~~ Aaron Alcala and Brandon McCalley then proceeded to chase Plaintiff's child, including while Brandon McCalley carried an ~~with an~~ AR15-like weapon. ~~and~~

to violently beat PlaintiffMark Aranda, Dominique Anesetti, and Jon Vantuinen violently beat Plaintiff, including slamming him into his garage door and taking him down as he questioned their actions, causing Plaintiff severe injuries, including but not limited to a concussion and a broken elbow. Defendants then falsely arrested Plaintiff for allegedly violating Cal. Penal Code § -148(a)(1).

1925. At no time, and specifically at the time of the battery and other uses of force against Plaintiff, did Plaintiff pose an immediate threat of death or bodily injury to the Officers or to anyone else.

2026. After the beating that caused Plaintiff multiple injuries, including but not limited to a concussion and broken elbow, Defendants did not summon medical care for Plaintiff even though he was in obvious and critical need of emergency medical care and treatment. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOES 1-10 did not timely summon medical care or permit medical personnel to treat Plaintiff. The delay of medical care caused Plaintiff extreme physical and emotional pain and suffering.

27. Thereafter, Plaintiff was arrested and booked for allegedly violating California Penal Code Section 148(a)(1). The related criminal proceedings are ongoing.

**FIRST CLAIM FOR RELIEF**
**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**
**(Against Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE OfficersDOES 1-10)**

Formatted: Font: Bold

2128. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 20 27 of his Complaint with the same force and effect, as if fully set forth here.

~~22~~29. On April 1, 2025, at approximately 1:30 p.m., Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers approached Plaintiff on the driveway of Plaintiff's home located in Rialto, California. Defendants MARK ARANDA, DOMINIQUE ANESETTI, and JON VANTUINEN then proceeded to assault and batter Plaintiff.

~~23~~30. Defendants' beating of Plaintiff was without justification. Plaintiff did not make any threatening moves or make any threatening statements to the Officers. Plaintiff did not try to flee the Officers. Defendants' unjustified use of force against Plaintiff deprived him of his right to be secure in his person against unreasonable searches and seizures, as guaranteed to him under the Fourth Amendment of the United States Constitution and as applied to state actors by the Fourteenth Amendment.

~~24~~31. Defendants' use of force was excessive and unreasonable, particularly because Plaintiff posed no immediate threat to the Officers. At all relevant times, Plaintiff was unarmed.

~~25~~32. Defendants' use of force violated the Defendant Officers' own training and standard police officer training.

~~26~~33. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

34. MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers are directly liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force and because they failed to intervene to prevent the use of excessive force.

~~27~~35. The conduct of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers

~~DOES 1-10~~ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and, therefore, warrants the imposition of exemplary and punitive damages as to Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers~~DOES 1-10~~.

**SECOND CLAIM FOR RELIEF**
**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**
**(~~Against Defendant DOES 1-10~~Against Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers)**

~~28~~36. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through ~~27~~ 35 of the Complaint with the same force and effect, as if fully set forth here.

~~29~~37. After being beaten by Defendants, including being slammed into his garage and taken down onto the ground, Plaintiff was immobile and in obvious and critical need of emergency medical care and treatment. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers ~~DOES 1-10~~ did not timely summon medical care or permit medical personnel to treat Plaintiff. The delay of medical care to Plaintiff caused Plaintiff extreme physical and emotional pain and suffering.

~~30~~38. The denial of medical care by Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers~~DOES 1-10~~, as well deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and as applied to state actors by the Fourteenth Amendment.

~~31~~39. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

3240. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOES 1-10 knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but they disregarded that serious medical need, causing Plaintiff great bodily harm.

3341. The conduct of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers.

3442. As a result of their misconduct, Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, are liable for Plaintiff's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

**THIRD CLAIM FOR RELIEF**
**Unreasonable Search and Seizure - False Arrest (42 U.S.C. § 1983)**
**(Against Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE OfficersDOES 1-10)**

3543. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 42 of the Complaint with the same force and effect, as if fully set forth here.

3644. To Plaintiff's continuing harm, after being accosted and beaten by Defendants, Plaintiff was summarily arrested and taken into custody, transported to and booked into The City of Fontana jail facility.

~~37~~45. Plaintiff was ultimately told that he had been arrested for violating California Penal Code Section 148(a)(1) and is currently undergoing prosecution for this section.

~~38~~46. At no time did Plaintiff resist, delay, or obstruct Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers~~Does 1-10~~ in the performance of their duties. In fact, the entire duration of the interaction between Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers ~~Does 1-10~~ and Plaintiff prior to P~~p~~laintiff's beating and arrest lasted only a few seconds.

~~39~~47. The false arrest and incarceration of Plaintiff deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and as applied to state actors by the Fourteenth Amendment.

~~40~~48. The conduct of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers ~~DOES 1-10~~ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers~~DOES 1-10~~.

~~41~~49. As a result of their misconduct, Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers~~DOES 1-10~~, are liable for Plaintiff's injuries, either because they were integral participants in the false arrest of Plaintiff or because they failed to intervene to prevent these violations.

4250. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

**FOURTH CLAIM FOR RELIEF**
**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**
**(Against Defendants City and DOES 11-209-10)**

4351. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 42 50 of his Complaint with the same force and effect, as if fully set forth here.

4452. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOES 1-10 acted under color of law.

4553. The acts of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE OfficersDOES 1-10, including the assault and battery of Plaintiff and the denial of prompt and necessary medical care, deprived Plaintiff of his rights under the United States Constitution.

4654. The training policies of Defendant City's police department were not adequate to train its police officers with regard to wearing identifying uniforms or insignia, verbally identifying themselves, deploying assault rifles, conducting law enforcement operations outside of their normal jurisdiction, using force against unarmed civilians, and rendering aid. As a result, City police officers are not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals and their children. These inadequate training policies existed prior to the date of this incident and continue to this day.

55. The unjustified excessive use of force, detention and arrest, and denial of medical care against Plaintiff by MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers was a result of the

negligent training by Defendant CITY who failed to train Fontana Police Department ("FPD") officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, as to proper police tactics, proper use of force, and proper detentions and arrests, including timely providing and summoning medical care. Defendant CITY was responsible for the training of FPD officers to ensure the actions, procedures, and practices of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers complied with Peace Officer Standards and Training ("POST") training standards regarding proper police tactics, and proper use of force.

56. Defendant CITY negligently failed to train CITY police officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, to comply with POST training standards regarding proper police tactics and proper use of force. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers have contact with.

57. The training polices of Defendant CITY were deficient in the following:

a. Defendant CITY failed to adequately train Fontana Police Department officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, in de-escalating interactions with the public. Instead of de-escalation, MARK

ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers escalated their interaction with Plaintiff.

Formatted: Font: Times New Roman, 12 pt

b. Defendant CITY failed to properly train CITY police officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, in proper police tactics, including effective communication, to prevent the use of negligent tactics, which is what MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers did in this case. Because of this lack of proper training by Defendant CITY, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers did not use proper police tactics in handling their contact and interaction with Plaintiff, and MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers used defective police tactics. These training failures by Defendant CITY resulted in injury to Plaintiff.

c. Defendant CITY failed to properly train police officers, such as MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers, on the importance of effective communication between officers prior to executing a search warrant.

d. Because of the lack of proper training by CITY, MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers did not use effective communication prior

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

to and during the detention and arrest and use of force against Plaintiff. This ineffective communication by MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers caused injury to Plaintiff.

Formatted: Font: Times New Roman, 12 pt

58. The failure of Defendant CITY to provide proper training to its police officers resulted in the deprivation of Plaintiff's rights by MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers. Defendant CITY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injuries to plaintiff.

59. The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts that caused Plaintiff's injuries, which indicates that Defendant CITY failed to adequately train its officers, particularly with respect to detentions and arrests and the use of force:

a. In *M.S., et al. v. City of Fontana, et al.*, case number 5:16-cv-02498-JGB-DTB, Plaintiffs alleged the involved Fontana Police department officers used excessive force when they shot and killed Decedent, who was unarmed and was not an immediate threat to the officers or any other person.

b. In *Marlo Rayo, et al. v. City of Fontana, et al.*, case number 5:19-cv-01264-JGB-SHK, Plaintiffs alleged the involved Fontana Police Department officers wrongfully detained and arrested a homeowner and his family members and used excessive force against them, including slamming, beating, and deploying batons

and Tasers against Plaintiffs, even though Plaintiffs did not resist the involved officers.

c. In *Ralph Robert Lopez v. City of Fontana, et al.*, case number 5:19-cv-01727-JGB-SP, Plaintiff alleged the involved Fontana Police Department officers struck him with an unmarked vehicle while he was attempting to back out of a parking spot. Plaintiff further alleged that City of Fontana officers in civilian clothing struck him in the head several times and shot him, even though Plaintiff never resisted the officers and kept his hands in the air at all times.

d. In *Devon King v. City of Fontana, et al.*, case number 5:20-cv-1071, Plaintiff alleged the involved Fontana Police Department officers used excessive force when they shot Plaintiff, who was unarmed and posed no immediate threat to officers.

e. In *Isabel Valdez, et al. v. City of Fontana, et al.*, case number EDCV 24-02631-KK-SPx, a Judge in the Central District of California approved a Minors Compromise and Settlement of $3,246,500, where Plaintiffs alleged the involved officers shot and killed Jamie Valdez when he was not an immediate threat to the officers.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

Formatted: Font: Times New Roman, 12 pt

60. The training policies of the CITY were not adequate to train its police officers to handle the usual and recurring situations they must deal with.~~47.~~

61. The Defendant City's police department was deliberately indifferent to the known or obvious consequences of its failure to adequately train its police officers. This inadequate training includes failing to teach officers to properly identify themselves when engaging with

frightened, unarmed community members and the proper deployment of assault rifles, prior to using force.

62. Defendant City was aware that failure to implement some sort of training with regard to their officers' extra-jurisdictional deployment to a neighboring city, while wearing plainclothes and carrying assault rifles when encountering unarmed civilians, including children, would result in continuing to have numerous unreasonable and dangerous encounters with unarmed individuals annually.

Formatted: Indent: First line: 0.5"

4863. By failing to provide adequate training to Defendant City's police officers, Defendants acted with an intentional, reckless, and callous disregard for the life of PLAINTIFF and Plaintiffs' constitutional rights. Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

///

4964. The failure of Defendant City to provide adequate training caused the deprivation of Plaintiff's rights by Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE OfficersDOES 1-10; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be a moving force that caused the ultimate injuries.

5065. By reason of the aforementioned acts and omissions, Plaintiff suffered significant emotional distress and pain and suffering.

5166. Accordingly, Defendants City and DOES 11-209-10 are each liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

///

**FIFTH CLAIM FOR RELIEF**
**Municipal Liability – Ratification (42 U.S.C. § 1983)**
**(Against Defendants City and DOES ~~11-20~~9-10)**

~~52~~67. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through ~~51~~ 66 of his Complaint with the same force and effect, as if fully set forth here.

~~53~~68. Defendants MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers ~~DOE Officers~~ acted under color of law.

~~54~~69. The acts of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers~~DOE Officers~~, as set forth above, including assaulting and battering Plaintiff, then denying Plaintiff prompt and necessary medical care, deprived Plaintiff of his particular rights under the United States Constitution.

~~55~~70. Any reasonable policymaker would recognize that sending plain clothes officers with AR-15 style weapons into residential neighborhoods outside of Fontana jurisdiction without clear protocols for identification and de-escalation creates a highly predictable risk of confrontation, confusion, and excessive force producing such an obvious risk of constitutional violations that FPD policymakers can reasonably be said to have been deliberately indifferent to the need for training on these issues.

~~//~~

71. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE

Officers, ratified (or will ratify) MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff and denial of medical care.

5672. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOE Officers were "within policy."

5773. On information and belief, Defendant MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officers DOE Officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's beating.

5874. By reason of the aforementioned acts and omissions, Plaintiff has suffered extreme emotional distress and pain and suffering.

**SIXTH CLAIM FOR RELIEF**
**Battery**
**(Against All Defendants)**

59. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 58 of his Complaint with the same force and effect, as if fully set forth here.

60. On April 1, 2025, at approximately 1:30 p.m. in Rialto, California, Defendant DOES 1-10 approached Plaintiff on foot and, without justification, repeatedly struck Plaintiff, seriously injuring him.

61. At the core of Plaintiff's claims is the conduct of the Defendant officers in this matter. Here, Defendant officers:

a) initiated contact with Plaintiff and his daughter;

b) were dressed in plain clothes and failed to identify themselves as law enforcement when confronting Plaintiff and his daughter;

c) decided to chase Plaintiff's minor daughter while AR-15 type assault rifles;

d) initiated physical violence against Plaintiff when he questioned why they were chasing his child;

e) continued beating Plaintiff after he was subdued;

f) denied medical care to Plaintiff after beating him.

62. Any physical actions by Plaintiff during his encounter with Defendant police officers characterized as "resistance" or "obstruction" by Defendant officers occurred after, and was caused by, Defendant officers' constitutional violations.

63. Any "resistance" or "obstruction" alleged by Defendant officers was a natural and reasonable response by Plaintiff to being violently attacked by unidentified individuals in plainclothes carrying assault weapons. Plaintiff had no way of knowing these individuals were police officers, and reasonably believed he was being attacked by criminals, and that any physical reaction was in lawful self-defense. Defendant officers' constitutional violations (failure to identify, unjustified use of force) thus occurred *first* and caused Plaintiff's alleged "resistance" or "obstruction."

~~64. At the time the Officers used unwarranted force against him, Plaintiff did not pose an immediate threat of bodily injury to the Officers or to anyone else. Therefore, Defendants' use of force was excessive and objectively unreasonable.~~

~~65. As a direct and proximate result of the conduct of Defendant DOES 1-10 as alleged above, Plaintiff sustained physical injuries, emotional distress, and pain and suffering.~~

~~66. Defendant City is vicariously liable for the wrongful acts of Defendant DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employees' acts would subject him or her to liability.~~

~~67. The conduct of DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as to Defendant DOES 1-10.~~

**~~SEVENTH CLAIM FOR RELIEF~~**
**~~Negligence~~**
**~~(Against all Defendants)~~**

~~68. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 67 of his Complaint with the same force and effect as if fully set forth here.~~

~~69. Police officers, including Defendant DOES 1-10 here, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary.~~

~~70. Defendant DOES 1-10 breached this duty of care. The actions and inactions of Defendant DOES 1-10 were negligent and reckless including, but not limited to, the failure to properly and adequately assess the need to use force against~~

Plaintiff, the failure to provide prompt medical care to Plaintiff, and the failure to properly train and supervise employees, including Defendant DOES 1-10.

71. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered severe physical pain and emotional distress.

72. Defendant City is vicariously liable for the wrongful acts of DOES 1-20, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employees' acts would subject him or her to liability.

///

///

///

///

**EIGHTH CLAIM FOR RELIEF**
**(Violation of Cal. Civil Code § 52.1)**
**(Against All Defendants)**

73. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 72 of his Complaint with the same force and effect, as if fully set forth here.

74. California Civil Code, Section 52.1 ("Bane Act"), prohibits any person, including a police officer, from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, including using unconstitutionally excessive force.

75. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil

~~rights, which can be inferred if a person displays a reckless disregard for another person's civil rights.~~

~~76. Defendant DOES 1-10, while working for the City and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiff, including assaulting and battering Plaintiff without justification and denying him necessary medical care. Defendants' beating of Plaintiff was excessive, objectively unreasonable, and reckless.~~

~~77. Plaintiff was unarmed at the time of his beating, had not committed any violence or threat to commit violence against anyone, including the Officers. Plaintiff did not pose an immediate threat of death or serious bodily injury to any person.~~

~~78. Defendants' battery of Plaintiff and other uses of force violated basic law enforcement training and generally accepted law enforcement standards. Defendants beat Plaintiff without any legal justification.~~

~~79. When Defendant DOES 1-10 assaulted and battered Plaintiff, he was not presenting any immediate threat of bodily injury to the Officers. Defendants interfered with Plaintiff's civil rights to be free from unreasonable searches and seizures, to be free from excessive force, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.~~

~~80. Defendant DOES 1-10 intentionally committed the above acts to discourage Plaintiff from exercising his civil rights or to prevent him from exercising such rights, which he was fully entitled to enjoy.~~

81. On information and belief, DOES 1-10 intended to interfere with Plaintiff's Constitutional rights and did interfere with Plaintiff's Constitutional rights. Plaintiff understood that the violent acts committed by Defendant DOES 1-10 intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

82. Defendant DOES 1-10 successfully interfered with the constitutional rights of Plaintiff.

83. The conduct of Defendant DOES 1-10 was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

84. Defendant City is vicariously liable for the wrongful acts of Defendant DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85. Defendant DOES 11-20 are vicariously liable under California law and the doctrine of *respondeat superior*.

86. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendant DOES 1-10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Danny Molina Lira requests entry of judgment in his favor and against Defendants City of Fontana MARK ARANDA, DOMINIQUE ANESETTI, AARON ALCALA, BRANDON MCCAULLEY, JON VANTUINEN, and DOE Officersand DOES 1-20, inclusive, as follows:

1. For compensatory damages, under federal and state law, in an amount to be proven at trial;

2. For general damages, including damages for emotional distress and pain and suffering, in an amount to be proven at trial;

3. For punitive damages;

4. For interest;

5. For reasonable attorneys' fees;

6. For costs of suit; and

7. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: September 25, 2026July 23, 2026.

BROWN CLARK LE & CEVALLOS, LLPLAW OFFICES OF DALE K. GALIPO

By:______________________________
Michael C.P. ClarkDale K. Galipo
Attorneys for Plaintiff Danny Molina Lira

**DEMAND FOR JURY TRIAL**

Formatted: Font: Bold

Plaintiff Danny Molina Lira hereby demands that his claims presented in this Complaint be heard by a jury of his peers.

Dated: September 25, 2026~~July 23, 2026~~.

~~BROWN CLARK LE & CEVALLOS, LLP~~LAW OFFICES OF DALE K. GALIPO

By:______________________________
~~Michael C.P. Clark~~Dale K. Galipo
Attorneys for Plaintiff Danny Molina Lira