JESSE K. COX (SBN 285218)
jcox@lynberg.com
TANNER E. PETCHUL (SBN 364352)
tpetchul@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant CITY OF FONTANA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE**

DANNY MOLINA LIRA, an Individual,

Plaintiff,

vs.

CITY OF FONTANA, a California Municipality, and DOES 1-20,

Defendant.

CASE NO. 5:26-cv-01632 JGB (DTBx)

*Assigned to: Hon. Jesus G. Bernal*

**DEFENDANT CITY OF FONTANA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

***[Filed concurrently with Declaration of Tanner E. Petchul; and [Proposed] Order]***

Date: January 4, 2027
Time: 9:00 a.m.
Dept.: 1

*Trial Date: None Set*

*Complaint Filed: March 30, 2026*

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 4, 2027, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth St., Riverside, CA 92501, Defendant CITY OF FONTANA ("Defendant" or "City"), will, and hereby does, move this Court for an order dismissing Plaintiff DANNY LIRA'S ("Plaintiff") Second Amended Complaint pursuant to Fed. R. Civ. Proc. 12 (b)(6).

Defendant brings this Motion on each of the following grounds:

1. Plaintiff Danny Lira's Fourth and Fifth Claims for Relief for "Municipal Liability" under 42 U.S.C. § 1983 fail on the merits to state a claim upon which relief can be granted against Defendant. See, Fed. R. Civ. Proc. 12(b)(6).

Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Tanner E. Petchul and the Exhibits submitted therewith, and upon such other and further matters as may properly come before the Court.

Pursuant to Local Rule 7-3, this Motion is filed following defense counsel's meet and confer efforts that began on October 1, 2026. (See, Declaration of Tanner E. Petchul in Support of Defendant's Motion to Dismiss ("Petchul Decl."), ¶ 6). Accordingly, the defense consequently prays that this Court hear and decide the issues raised herein.

DATED: October 9, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Tanner E. Petchul
**JESSE K. COX**
**TANNER E. PETCHUL**
Attorneys for Defendant
CITY OF FONTANA

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ........ 7

II. PLAINTIFF'S FOURTH AND FIFTH CLAIMS FOR "MONELL" LIABILITY FAIL AS A MATTER OF LAW ........ 9

A. Failure to Train ........ 9

B. Ratification ........ 14

III. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND ........ 16

V. CONCLUSION ........ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


Abagninin v. AMVAC Chem. Corp., 545 F.3d 733 (9th Cir. 2008) ..... 16

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ..... 9, 10, 14

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ..... 8, 9, 10, 14

Benavidez v. Cnty of San Diego, 993 F.3d 1134 (9th Cir. 2021) ..... 11

Black v. City of Blythe, 562 F.Supp.3d 820 (C.D. Cal. 2022) ..... 12, 13

Brown v. County of San Bernardino, 2021 WL 99722 (C.D. Cal. 2021) ..... 8, 13, 14

Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921 (9th Cir. 2001) ..... 13

City of Canton v. Harris, 489 U.S. 378 (1989) ..... 11, 12, 13

Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011) ..... 16

Estate of Luna v. Orange County Sheriff's Department, 2024 WL 3218649 (C.D. Cal. 2024) ..... 16

Flores v. Cnty. of Los Angeles, 758 F.3d 1154 (9th Cir. 2014) ..... 13

Herd v. County of San Bernardino, 311 F.Supp.3d 1157 ..... 10, 11, 14, 15

Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178 (C.D. Cal. 2015) ..... 8

Icon Desert Logistics v. City of Blythe Police Dept.,
2020 WL 7229853 (C.D. Cal. 2020)....15

Lucero v. County of Orange,
536 F.Supp.3d 628 (C.D. Cal. 2021)....16

Lytle v. Carl,
382 F.3d 978 (9th Cir. 2004)....15

M.D. v. County of San Bernardino,
2023 WL 2342338 (C.D. Cal. 2023)....11, 12

Mong Kim Tran v. City of Garden Grove,
2012 WL 405088 (C.D. Cal. 2012)....10

Peschel v. City of Missoula,
686 F.Supp.2d 1092 (D. Mont. 2009)....15

Rich v. Shrader,
823 F.3d 1205 (9th Cir. 2016)....16

Rodrigues v. County of Orange,
2020 WL 3396619 (C.D. Cal. 2020)....10

Sheehan v. City & Cnty. of S.F.,
741 F.3d 1211 (9th Cir. 2014)....15

United States v. Corinthian Colls.,
655 F.3d 984 (9th Cir. 2011)....9

Vanegas v. City of Pasadena,
46 F.4th 1159 (9th Cir. 2022)....10

Wolcott v. County of Orange,
2023 WL 3984215 (C.D. Cal. 2023)....14

Young v. City of Visalia,
687 F.Supp.2d 1141 (E.D. Cal. 2009)....10

**Statutes**

42 U.S.C. § 1983....2, 8

California Civil Code § 52.1....7, 8

**Rules**


Fed. R. Civ. Proc. 12 (b)(6) ........................................................................2, 14, 16

Fed. R. Civ. Proc.12.................................................................................................8

Fed. R. Civ. Proc. 8 and 12......................................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiff Danny Lira ("Plaintiff") brings this civil action following an alleged altercation with members of the Fontana Police Department ("FPD") that occurred on April 1, 2025. According to Plaintiff, he and his "minor daughter" were at Plaintiff's home when the officers "proceeded to chase Plaintiff's child with an AR15-like weapon" and "violently beat Plaintiff." (See, Second Amended Complaint ("SAC"), Dkt. 24, "Facts Common to All Claims for Relief," ¶ 24, Exhibit "C," Petchul Decl., ¶ 5). Plaintiff claims he did not "pose an immediate threat of death or bodily injury to the Officers or to anyone else." (See, SAC, Dkt. 24, "Facts Common to All Claims for Relief," ¶ 25, Exhibit "C," Petchul Decl., ¶ 5). Read another way, Plaintiff alleges he and his daughter were randomly attacked by FPD officers for no reason whatsoever.

From this highly implausible and thin factual narrative, Plaintiff filed suit against the City of Fontana ("City") and various DOE defendants, asserting eight causes of action in his initial Complaint: (1) excessive force; (2) violation of due process from denial of medical care; (3) unlawful/false arrest; (4) municipal liability for "failure to train"; (5) municipal liability for "ratification"; (6) battery; (7) negligence; and (8) violation of California Civil Code § 52.1. After reviewing Plaintiff's initial Complaint, Defense counsel sent detailed correspondence regarding deficiencies perceived in Plaintiff's Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief. (See, Petchul Decl. ¶ 6). Through meet and confer discussions, Plaintiff's counsel stated that they would cure the deficiencies in those Claims. (See, Petchul Decl. ¶ 6). Accordingly, the parties entered into a Joint Stipulation regarding Plaintiff filing a First Amended Complaint (Dkt. 15) ("FAC"), which was approved by the Court (Dkt. 16). (See, Petchul Decl. ¶ 6). Consistent with the stipulation and order, Plaintiff filed the FAC on July 24, 2026. (See, Petchul Decl. ¶ 6). Ultimately, the City filed a Motion to Dismiss Plaintiff's First Amended Complaint, which was

granted by the Court on September 11, 2026, by way of Court Order (Dkt. 22). (See, Petchul Decl., ¶ 8).

Plaintiff then filed his SAC on September 25, 2026, which removed his Claims for battery, negligence, violation of California Civil Code § 52.1, as well as added Mark Aranda, Dominique Anasetti, Aaron Alcala, Brandon McCaulley, and Jon Vantuinen ("Defendant Officers") as named Defendants. (See, SAC, Dkt. 24, Exhibit "C", Petchul Decl., ¶ 5). Once again, however, the SAC recycles the same conclusory and unsupported Monell allegations and state law claims that appeared in his previous complaints such that—apart from not having any evidentiary anchor (a matter for another day)—this third attempt remains facially defective and ignores settled precedent that bars several claims' application. (Compare, FAC, Dkt. 17, ¶¶ 43-58, Exhibit "B," Petchul Decl., ¶ 4; with, SAC, Dkt. 24, ¶¶ 51-74, Exhibit "C," Petchul Decl., ¶ 5).

Specifically, the face of the FAC reveals Plaintiff's Section 1983 causes of action for Monell liability against the City is bereft of factual specificity and is instead propped up by conclusory allegations that are lamented by federal courts. This facial defect means the Complaint violates Rule 8 and Rule 12 standards, as it unfairly deprives the City of its right to notice of the factual bases supporting the claims made against it. Rule 8 is simple: it requires a "short and plain statement" that evidences an entitlement to relief. Central to that requirement is that the complaint "give fair notice" of the claims being made and specify "with at least some degree of particularity the overt acts which the defendants engaged in that support plaintiffs' claim." See, Brown v. County of San Bernardino, 2021 WL 99722, at *2 (C.D. Cal. 2021); see also, Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. 2015) (to satisfy Rule 8, a complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests."). Rule 12 complements Rule 8 by precluding a plaintiff from proceeding with nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." See,

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It provides an enforcement mechanism—the Motion to Dismiss—to ensure a civil plaintiff has stated a "plausible claim" that includes "'*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" See, United States v. Corinthian Colls., 655 F.3d 984, 991 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (emphasis added). Where, as here, the pleading offers "facts" that are "'merely consistent with' the City's liability," it "'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must be dismissed. See, Iqbal, supra, 556 U.S. at 678 (quoting Twombly, supra, 550 U.S. at 557).

The City attempted to resolve these issues without Court intervention. Pursuant to Local Rule 7-3, defense counsel dispatched to Plaintiff's counsel detailed meet and confer correspondence on October 1, 2026, identifying the remaining pleading deficiencies. (See, Petchul Decl., ¶ 8). Defense counsel also sent an email following up on the October 1, 2026 correspondence. (See, Petchul Decl., ¶ 8). As of the date of the filing of this Motion, Defense counsel has not yet received any response from Plaintiff's counsel. (See, Petchul Decl., ¶ 8).

Accordingly, for the reasons set forth in further detail below, the City respectfully requests that its Motion to Dismiss Plaintiff's SAC be granted as prayed.

## II. PLAINTIFF'S FOURTH AND FIFTH CLAIMS FOR "MONELL" LIABILITY FAIL AS A MATTER OF LAW

The City reads Plaintiff's Fourth and Fifth Causes of Action as pled against the City as attempting to impute "Monell" liability based on alleged "failure to train" and "ratification." (See, SAC, Dkt. 24, ¶¶ 51-74, Exhibit "C," Petchul Decl., ¶ 5). Based on the current allegations, the City contends each of these theories remain insufficiently pled such that this cause of action fails as a matter of law.

### A. Failure to Train

Plaintiff's "failure to train" theory of Monell liability still suffers from several

substantive defects that warrant dismissal. As observed by the Ninth Circuit, "*Monell* liability is 'at its most tenuous where a claim turns on a failure to train.'" See, Vanegas v. City of Pasadena, 46 F.4th 1159, 1167 (9th Cir. 2022) (internal quotation omitted). Here, Plaintiff's claim is tenuous for a number of reasons, the first of which being that it is supported by nothing more than vague and conclusory allegations that never once inch close to factual allegations demonstrating how or why City's or the Fontana Police Department's ("FPD") training was inadequate. See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A failure to factually identify the problematic training; to explain why it is inadequate; and to factually connect the improper or inadequate training to Plaintiff's claimed constitutional injury dooms this theory. See, Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1168 (dismissing "Failure to Train" claim where "Plaintiffs provide no facts regarding the training the officers received and do not explain why the training was inadequate."); see also, Young v. City of Visalia, 687 F.Supp.2d 1141, 1149 (E.D. Cal. 2009) (noting that allegations of inadequate training and hiring practices were "threadbare" because the complaint did "not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm"); Rodrigues v. County of Orange, 2020 WL 3396619, at *6 (C.D. Cal. 2020) (dismissing "Failure to Train Claim" where plaintiff "fails to include specific facts regarding (1) what training the officers received; (2) why the training was inadequate; (3) or how the County's allegedly inadequate training caused [Plaintiff's] injuries."); Mong Kim Tran v. City of Garden Grove, 2012 WL 405088, at *4 (C.D. Cal. 2012) (finding conclusory allegation of inadequate police training insufficient to state Monell claim where plaintiff did not plead specific allegations regarding what the trainings were, how they were deficient, or how they caused plaintiff harm).

To be sure, making vague allegations about training and alleging that officers did not adhere to it, or that officers did not properly supervise other officers to ensure

their adherence to training, is a far cry from describing *inadequate* training in enough detail to indicate with certainty that it actually exists, its substance, that it was the moving force behind a constitutional violation, or that the need for more or different training was so obvious as to amount to "deliberate indifference." See, e.g., M.D. v. County of San Bernardino, 2023 WL 2342338, at *8 (C.D. Cal. 2023); see also, City of Canton v. Harris, 489 U.S. 378, 388 (1989); Herd, supra, 311 F.Supp.3d at 1169.

Plaintiff added several new sections to his SAC. First, Plaintiff plainly states that "[t]he unjustified excessive use of force, detention and arrest, and denial of medical care against Plaintiff" by Defendant Officers "was a result of the negligent training by the City who failed to train" Defendant Officers "as to proper police tactics, proper use of force, and proper detentions and arrests, including timely providing and summoning medical care." (See, SAC, Dkt. 24, ¶ 55, Exhibit "C," Petchul Decl., ¶ 5). Plaintiff further alleges that the City failed to train Defendant Officers to comply with Peace Officer Standards and Training ("POST"). (See, SAC, Dkt. 24, ¶ 55, Exhibit "C," Petchul Decl., ¶ 5). Plaintiff then alleges that the City failed to adequately train Fontana Police Department ("FPD") officers in (1) de-escalating interactions with the public (2) proper police tactics, including effective communication, to prevent the use of negligent tactics, and (3) the importance of effective communication between officers prior to executing a search warrant. (See, SAC, Dkt. 24, ¶ 57, Exhibit "C," Petchul Decl., ¶ 5). He then alleges, in conclusory fashion, that FPD officers escalated their interaction with Plaintiff, used defective police tactics against Plaintiff, and did not use effective communication prior to the detention and arrest of Plaintiff. (See, SAC, Dkt. 24, ¶ 57, Exhibit "C," Petchul Decl., ¶ 5). Although Plaintiff identifies several general areas in which he believes FPD officers should have received different training, he never identifies what was actually deficient about the training FPD provided. See, Herd, supra, 311 F.Supp.3d at 1168. In other words, "[a]lthough Plaintiff identifies the training he believes was inadequate, he does not identify *how* the training. . . [was] inadequate." (See, September 11, 2026

Order, Dkt. 22, p. 4, Exhibit "D," Petchul Decl., ¶ 7) (citing Benavidez v. Cnty of San Diego, 993 F.3d 1134, 1153-52 (9th Cir. 2021)). This is wholly insufficient.

Plaintiff's "failure to train" theory further fails as a matter of law because Plaintiff fails to sufficiently allege that the City or the FPD was "deliberately indifferent" to the rights of persons that officers were likely to encounter. To properly plead a "failure to train" claim, Plaintiff must establish that "the failure to train amounts to deliberate indifference to the rights of persons impacted by the inaction." See, M.D., supra, 2023 WL 2342338, *8 (citing City of Canton, supra, 489 U.S. at 388) (internal citations omitted). Specifically, Plaintiff must plead enough facts to establish that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [City] can reasonably be said to have been deliberately indifferent to the need." See, M.D., supra, 2023 WL 2342338, *8 (citing City of Canton, supra, 489 U.S. at 390) (internal citations omitted). Plaintiff has not done this. Instead, he still makes conclusory allegations. (See, SAC, Dkt. 24, ¶ 61, Exhibit "C," Petchul Decl., ¶ 5). In fact, Plaintiff's paragraph regarding "deliberate indifference" is exactly the same as pled in his First Amended Complaint and references inadequate training only as to "teach[ing] officers to properly identify themselves when engaging with frightened, unarmed community members and the proper deployment of assault rifles, prior to using force." (See, SAC, Dkt. 24, ¶ 61, Exhibit "C," Petchul Decl., ¶ 5). This is exactly the language that the Court stated "fail[ed] to provide any explanation as to what exactly made the [City] 'deliberately indifferent' to the consequences of its alleged failure to train." (See, September 11, 2026 Order, Dkt. 22, p. 4-5, Exhibit "D," Petchul Decl., ¶ 7).

Even if Plaintiff could navigate around this substantive pitfall, there is another reason supporting dismissal. To properly establish municipal liability under Section 1983 for "failure to train," a plaintiff must plead sufficient facts demonstrating that

"deficient training" caused other, similar incidents. See, Black v. City of Blythe, 562 F.Supp.3d 820, 835 (C.D. Cal. 2022) (granting defendants' motion to dismiss plaintiff's "failure to train" claim, reasoning that plaintiff's "conclusory statement" was "insufficient to show more than a single incident of unconstitutional activity…"); see also, Brown v. Cnty. Of San Bernardino, 2021 WL 99722, at *6 (C.D. Cal. 2021) (holding plaintiff's claim inadequate where "plaintiff d[id] not sufficiently allege additional, similar incidents, other than the incident at issue here."); Flores v. Cnty. of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (plaintiff must show a "pattern of similar constitutional violations by untrained employees."); City of Canton, supra, 489 U.S. at 397-398 ("inadequate training" claims "require a showing of a pattern of violations from which a kind of 'tacit authorization' by [municipal] policymakers can be inferred…"); Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 931-932 (9th Cir. 2001) ("Although inadequacy of police training may serve as the basis for municipal liability in certain circumstances, the evidence presented by [plaintiff] does not support such a claim, nor can liability be predicated on the isolated sporadic events in this case.").

As best as the City can tell, it appears that Plaintiff attempts to satisfy the "similar incidents" pleading requirement by citing to five other cases he alleges indicate that the City failed to adequately train its officers. (See, SAC, Dkt. 24, ¶ 59, Exhibit "C," Petchul Decl., ¶ 5). However, the cited cases do not plead sufficient *facts* demonstrating that "deficient training" caused other, *similar* incidents. See, Black, supra, 562 F.Supp.3d at 835. More specifically, Plaintiff cites five cases, each with a bare, one-sentence lawsuit summary providing no detail about what training deficiency allegedly caused the incident, whether the City was found liable, or how the City responded. (See, SAC, Dkt. 24, ¶ 59, Exhibit "C," Petchul Decl., ¶ 5). Nor are the cases sufficiently similar to the training deficiencies Plaintiff identifies here—de-escalation, effective communication, and communication between officers before executing a search warrant—to put the City on notice of those specific omissions.

In Section 1983 litigation pursued in federal court, actual facts must be pled. Reciting legal conclusions and alleging "facts that are merely consistent with a defendant's liability" is not enough. See, Wolcott v. County of Orange, 2023 WL 3984215, *2 (C.D. Cal. 2023) ("The Wolcotts contend their complaint is replete with factual allegations. [Citation]. The Court disagrees. Many of the 'factual allegations' to which the Wolcotts point are legal conclusions and unsubstantiated with facts"; motion to dismiss granted); see also, Iqbal, supra, 556 U.S. at 678; Twombly, supra, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted). As currently pled, Plaintiff's Section 1983 claim against the City still fails to include specific factual allegations to sufficiently state a claim for relief. Accordingly, his Fourth Cause of Action fails as a matter of law and is subject to dismissal. See, Fed. R. Civ. Proc. 12(b)(6).

**B. Ratification**

Just like Plaintiff's "failure to train" theory, this one also remains deficient as a matter of law. For starters, Plaintiff's "ratification" theory is still insufficient because it rests solely on vague and conclusory allegations. See, Iqbal, supra, 556 U.S. 678; see also, Twombly, supra, 550 U.S. at 555. The current allegations in the SAC paragraphs regarding "ratification" are nothing more than bald, threadbare recitals of the elements of a claim, which our courts uniformly reject as insufficient. (See, SAC, ¶¶ 67-74). See, Twombly, supra, 550 U.S. at 555 ("[T]threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); see also, Brown, supra, 2021 WL 99722, at *4 (granting defendants' motion to dismiss because plaintiff failed to allege "specific, plausible facts supporting her claim" and instead only "recite[d] the elements of the cause of action") (internal citations omitted). Indeed, similar allegations were found inadequate in the Herd case, cited repeatedly above. In Herd, the plaintiff advanced a "ratification"

theory that read similar to Plaintiff's claim here. The court found the claim "lacks factual allegations with respect to what the alleged unnamed 'policymaker' knew about the situation or that he or she specifically approved of the decision and the basis for it." See, Herd, supra, 311 F.Supp.3d at 1169. The same is true here. Put another way, Plaintiff's claim is bereft of factual allegations regarding when, how, or in what manner the City or the FPD ratified or approved of DOE officers' conduct. See, Icon Desert Logistics v. City of Blythe Police Dept., 2020 WL 7229853, at *5 (C.D. Cal. 2020).

Second, Plaintiff has not alleged facts identifying a "final policymaker" that knowingly "ratified" violation of Plaintiff's rights under the Constitution and the "basis for it." See, Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004). For a "ratification" theory to even attach, "the circumstances of the ratification must also demonstrate that the supervisor had previously set in motion acts of others which caused the others to inflict a constitutional injury." Peschel v. City of Missoula, 686 F.Supp.2d 1092, 1102 (D. Mont. 2009). Ratification thus generally requires more than acquiescence in another's unconstitutional conduct. See, Sheehan v. City & Cnty. of S.F., 741 F.3d 1211, 1231 (9th Cir. 2014).

As with Plaintiffs initial Complaint and FAC, Plaintiff alleges that "upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant DOE Officers were 'within policy'" and that they were "not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's beating." (See, SAC, Dkt. 24, ¶¶ 72-73, Exhibit "C," Petchul Decl., ¶ 5). However, even assuming Plaintiff had adequately alleged that a final policymaker approved the officers' conduct after the incident—which he has not—that still would not establish municipal liability under a ratification theory. The City understands that Plaintiff added in his SAC that, "upon information and belief, [a] final policymaker knew of and specifically approved of (or will specifically approve of) [Defendant Officers] acts, which include use of excessive force against Plaintiff

as well as the unreasonable detention and arrest of Plaintiff and denial of medical care." (See, SAC, Dkt. 24, ¶ 71, Exhibit "C," Petchul Decl., ¶ 5). But Plaintiff's allegations concern only the alleged ratification of the incident giving rise to this lawsuit and are devoid of any factual allegations regarding prior acts, prior ratification, or any policymaker's prior approval of similar constitutional violations. Therefore, Plaintiff has failed to allege the type of ratification necessary to impose municipal liability under a "ratification" theory.

Accordingly, Plaintiff's Fifth Cause of Action fails as a matter of law and should be dismissed. See, Fed. R. Civ. Proc. 12(b)(6).

## III. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Plaintiff has had three full and fair opportunities to plead his case. Because he has not come forward with the facts and theories necessary to maintain his Section 1983 Monell claims, the Court would be well within its discretion to dismiss the claims without leave to amend. See, Rich v. Shrader, 823 F.3d 1205, 1209 (9th Cir. 2016) (noting that district courts have "particularly broad," "wide discretion in granting or refusing leave to amend after the first amendment") (internal quotation marks omitted); Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment."); see also, Destfino v. Reiswig, 630 F.3d 952, 958-959 (9th Cir. 2011) (dismissal with prejudice proper when "[p]laintiffs [have] had three bites at the apple, and [a trial] court act[s] well within its discretion in disallowing a fourth."); Estate of Luna v. Orange County Sheriff's Department, 2024 WL 3218649, at *4 (C.D. Cal. 2024) (granting motion to dismiss and finding "[p]laintiff has filed three complaints, and none have adequately stated a *Monell* claim. Accordingly, the Court finds that future amendment would be futile, and that leave to amend should be denied.").

It is evident that further leave would be futile and a needless waste of already-scarce court resources, especially after receiving the benefit of a Court order expressly

identifying deficiencies in his prior pleading. See, Lucero v. County of Orange, 536 F.Supp.3d 628, 634 (C.D. Cal. 2021) (granting defendant's motion to dismiss plaintiff's second amended complaint without leave to amend because leave to amend would be "futile" given plaintiff's previous unsuccessful attempts to amend).

## V. CONCLUSION

For all the foregoing reasons, the City respectfully requests that the Court grant this Motion as prayed pursuant to Fed. Rs. Civ. Proc. 8 and 12(b)(6).

DATED: October 9, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Tanner E. Petchul*
**JESSE K. COX**
**TANNER E. PETCHUL**
Attorneys for Defendant
CITY OF FONTANA

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant City of Fontana certifies that this brief contains 3,561 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 9, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Tanner E. Petchul*
**JESSE K. COX**
**TANNER E. PETCHUL**
Attorneys for Defendant
CITY OF FONTANA